## CRANOR v. COOPER.

### No. 13337.

United States Court of Appeals
Ninth Circuit.

April 30, 1953.

Smith Troy, Atty. Gen., Rudolph Naccarato, Asst. Atty. Gen., and Cyrus A. Dimmick, Asst. Atty. Gen., State of Wash., for appellant and cross-appellee.

Amos Doris Cooper, in pro. per.

Before HEALY, BONE and POPE, Circuit Judges.

HEALY, Circuit Judge.

The Superintendent of the Washington State Penitentiary appeals from the conditional grant by the district court of a writ of habeas corpus on application of an inmate, herein referred to as the petitioner. The latter gave notice of a cross-appeal, but his brief here is devoted exclusively to an effort to support the trial court's findings and decision. Accordingly it is to be assumed that his appeal has been abandoned.

The findings below were as follows: Petitioner was charged in the Superior Court of the State of Washington with the crime of robbery and was convicted by jury verdict on November 10, 1947. Ten days later a supplemental information was filed against him in the same court, charging him with being an habitual criminal. The supplemental information was dismissed on January 13, 1948 on motion of petitioner's attorney, and at that time the petitioner, by oral pronouncement of the judge, was sentenced to serve 25 years. The sentence was never reduced to writing and signed by the judge. On January 13, 1948 the State of Washington gave notice of appeal from the dismissal of the supplemental information. Thereafter an agreement was made between the judge and the State of Washington, acting through its duly authorized officers, to the effect that the State would withdraw its appeal from the dismissal of the supplemental information on condition that petitioner be sentenced to serve not more than 40 years in the state penitentiary. On January 20, 1948 petitioner was brought before the Superior Court and, pursuant to the foregoing agreement, the State withdrew its appeal and petitioner was sentenced to 40 years' confinement in the penitentiary, the sentence imposed being within the maximum provided by state law. On the same day the judge signed and entered a judgment embodying the petitioner's 40-year sentence. Neither petitioner nor his attorney ever participated in or assented to the agree-

ment and arrangement between the judge and the State whereby petitioner was to receive the aforesaid sentence.

The court was of opinion that the first sentence of 25 years pronounced orally was not a final, valid, and binding sentence. It concluded, however, that in sentencing petitioner to 40 years' confinement the judge did not exercise any discretion or judgment, but arbitrarily set the quantum of the confinement at a figure agreed upon in advance with the officials and agents of the State of Washington, without the participation or assent of petitioner or his attorney. On the basis of this conclusion it determined that the 40-year sentence is invalid and void, and petitioner is entitled to the issuance of the writ unless within 30 days he be re-sentenced by the Superior Court.

Two aspects of this decision immediately challenge scrutiny: First, the court did not in terms hold the sentence invalid on any federal constitutional ground. In the second place, assuming the existence of a federal ground, it does not appear that the point on which the decision turned has ever been presented to or ruled upon by the state court. We first glance at the latter situation.

The petition for the writ in this instance proceeded solely upon the claim that the oral sentence of 25 years was valid, and that such being the case the Superior Court was without statutory or other authority subsequently to re-sentence petitioner for a greater term.[1] From the allegations of the petition it appears that a number of applications for the writ had theretofore unavailingly been made by petitioner to the Washington Supreme Court, and certiorari denied. Presumably, since there is no indication or claim to the contrary, these applications proceeded on the same ground as here. In the brief of the State it is asserted—and the assertion is nowhere contradicted—that petitions for the writ were presented to the Washington Supreme Court and denied on September 16, 1949, on May 18, 1951, and again on July 27, 1951, in all of which petitioner's contention was identical with the one made here, namely that the 25-year sentence was valid ant the 40-year sentence void, in that the oral sentence constituted a judgment in the cause and upon rendition thereof the court lost jurisdiction subsequently to modify it by imposing a greater penalty.[2]

It is true that in the Washington court petitioner had attacked the *validity* of the second sentence, but that in itself is not enough. The vital thing is that he has neither sought nor obtained a state court ruling on the matter of law and fact thought by the district judge to be decisive of the issue of validity, namely whether a sentence entered by a judge pursuant to agreement with the state and therefore without the exercise of his untrammeled discretion, is for such reason a void sentence. Under the provisions of 28 U.S.C.A. § 2254, prior exhaustion of state remedies is of the essence of the right to resort to the federal courts. We think the grant of the writ here runs counter to the purpose and intent of Congress as expressed in the statute.

Turning again to the first point, we are unable to discover in the findings or conclusions of the trial court any circumstance amounting to a denial to the petitioner of due process or of any other right guaranteed by the federal Constitution. Certainly in the circumstances here appearing the considerations upon which the state judge reached his decision as to the

---

1. It may be observed in passing that petitioner's claim of validity as regards the 25-year sentence in effect negatives his right to release from confinement at this juncture, since assuming the correctness of his contention, he would under settled principles obtaining in the federal jurisdiction become entitled to the writ only after service of the allegedly valid sentence.

2. In the State's brief it is said that the application to the Washington Supreme Court made on September 16, 1949 was designated Case No. 31,121; that the petition of May 18, 1951 appears as Cause No. 31,732; and that of July 27, 1951 is denominated Cause No. 31,822. We have not been able to find in the published reports of the Supreme Court of the state any reference to these causes, and assume that they appear only on the court's docket.

severity of the sentence he would impose are not matters of federal but of state concern. While we think it unnecessary to pursue the subject further, it may be well to add that under state law it appears that in cases of conviction of certain felonies, including robbery, imprisonment for any number of years up to life may be imposed. Rem.Rev.Stat. § 2418; § 10249–2 Rem.Supp.1947. After conviction of a crime, if the defendant is found to have had two or more prior convictions of felony—as was presumably the supplemental charge filed against this petitioner—a sentence of life imprisonment becomes mandatory. Rem.Rev.Stat. § 2286. Notwithstanding the assumptions of the district court in respect of the failure on the part of the superior judge to exercise discretion or judgment, it may very well be that the latter anticipated a reversal of his dismissal of the habitual criminal charge and thought it in the interest of the petitioner to pursue the course followed. Unless the federal courts are to take over supervision of the administration of criminal justice by the states a line must be drawn somewhere, and we entertain no doubt that the bounds were overstepped in this instance.

Reversed with directions to dismiss.